UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOBBIE DEANNA RUFF,

                 Plaintiff,

        -against-

UNITED STATES OF AMERICA; STEVEN STEBBINS,

                 Defendants.

25-CV-1676 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

      Plaintiff, proceeding *pro se*, brings this action asserting claims for alleged violations of her rights under the United States Constitution, the "Chemical Weapons Convention" and the "Crime of Genocide Law." By Order dated October 1, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation mark and citations omitted) (emphasis in original).  But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits –- to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

The following allegations are drawn from the complaint.[1]  Plaintiff, a resident of Michigan, contends that the actions arose at Ohio Health Hospital and Firelands Hospital on May 12, 2020, and October 25, 2022.  Plaintiff states:

> I was lowered into a hospital by my supposed to be dead brother and multiple law officials. I was then sprayed with sleeping gas then injected × 2 ( perscar) with an unknown chemical weapon witch caused me to have dementia, loss of vision, loss of hearing and cognitive issues witch lasted over 2 years. I had an instant heart attack on site. I recieved Derminate brain damage now labeled as Chronic Ceberal Ischemia. My heart damage is also perminato and labeled as UNKNOWN . I was attacked because I was a federal subponeed witness whom was set to testify against a DPD, DEA and FBI officer who wrongfully accused my x-boyfriend of double murder. Ihave reported the crimes multiple times before and after I discovered the Genocide law. I paid for 1/2 and attended my brother.

(ECF 1 at 5.)

Plaintiff further alleges:

> Koppling Duncan II's funeral shortly after my initial attack witch caused grave bodly injuries. After recovered I discovered he is not dead and is one who aided in my attack. Mutiple officers, doctors, lawyers, prosecutors and even judges have given aid and hendered justice. My injuries are non curable and non treatable, Praise to the Good Lord he healed me to the best of ability. + However I am still being stalked and harrassed with one Rep, Turone A. Carter found to be the ring

---

[1] The Court quotes from the complaint verbatim.  All spelling, grammar, and punctuation appear as in the complaint, unless noted otherwise.

>leader of the gang of people involved. I did obtain a PPO but no investigation into my attack has ever been started.

(*Id.* at 6.)

Plaintiff brings this suit against the United States and Steven Stebbins, who is the Acting Inspector General for the Department of Defense. Plaintiff seeks accountability under the Crime of Genocide Law, as well as protection and medical care, as she alleges is required for victims of genocide.

## DISCUSSION

**A.    Factually Frivolous Claims**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (holding that a claim is frivolous when it "lacks an arguable basis either in law or in fact"); *Livingston*, 141 F.3d at 437("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

3

Plaintiff's complaint is premised upon her belief that her family members, as well as "doctors, lawyers, prosecutors and even judges" were involved in exposing her to chemical weapons, causing her to experience "cognitive issues." (ECF 1 at 5-6.) Nevertheless, a "[p]laintiff's beliefs − however strongly she may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022).

Plaintiff does not provide any plausible factual support for her claims, and the claims appear to be irrational. *See Livingston*, 141 F.3d at 437. Plaintiff's allegations are not plausible and must be dismissed as frivolous. *See, e.g., Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible").

**B.     Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011);*Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).. Plaintiff's complaint does not suggest that she could provide facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing

4

claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result). Because Plaintiff cannotcure the defects in her complaint with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses this complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   October 8, 2025
         New York, New York

                                        /s/ Kimba M. Wood
                                        KIMBA M. WOOD
                                        United States District Judge